IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DERWIN T. GRIGGS, \*
    Plaintiff, \*
  \*
V.S.                             3:07-CV-691-MHT
  \*
MAJOR, CLAY STEWART et al., \*
    Defendant(s) \*

**PLAINTIFF'S AFFIDAVIT AND MOTION
IN OPPOSITION TO DEFENDANT'S MOTION
<u>FOR SUMMARY JUDGEMENT</u>**

Before me the Undersign authority, a Notary public in and for said County, and State of Alabama at large, personally appears Derwin T Griggs, who being known to me and being first duly sworn by me depose and says under oath as follows;

My name is Derwin Griggs, I am over the age of (21) twenty-one years, I make this affidavit on personal knowledge, and I am competent to testify to the matters as stated herein.

On April 16, 2007 at 9:00 Am, I was incarcerated in the Chambers County Jail. I was being moved from one cellblock to another from pass down from Capt. Tommy Simms. Lt. Keisha Mccoy and SGT. Felton Spradlin advised which cell block that I would be moved to C-Block.
I stated several times that I had an enemy in C-Block, Anthony Briskey, and that it was in my file, and I ask to be moved to another Cell block.
SGT Felton Spradlin stated NO that CPT. Tommy Simms called and passed down to LT. Lisa Davidson, LT. Keisha McCoy, and SGT Felton Spradlin and advised that the Plaintiff was to be moved to C-Block. I made an outburst to LT. Keisha McCoy witnessed by Officer Ferrell asking why is I being moved from

Trustee. LT. Keisha McCoy called LT. Davidson in booking and ask her why, she stated that she didn't know, I stated several more times to LT. McCoy and SGT Spradlin that I had an enemy Anthony Briskey in C-Block. I was then forced, by SGT Felton Spradlin, moved, locked down I n C-block putting my life in immediate danger and also assigned to Cell C-1 the same cell as Anthony Briskey being locked down in A Cell BLOCK from (9: 30 Am until 10: 00PM, and in C-1 during mandatory lock down 10:00 PM until SGT. Teddy Hanncock removed me, after I had advised him of my enemy and that it was written in my file at 6:00pm on April 16, 2007, the start of his shift, moved from C-block at 11:45 PM April 16, 2007. While the intercom system was not/have not worked in several years.

## DEFENDANT'S RESPONSE

The Chambers county Detention Facility, Officers has a pattern or practice of neglect, abuse, contributing contraband, sexual misconduct with the Female Inmates.

Bill Tuner, an Inmate at the Chambers county Jail while incarcerated, he was found hanged in J-Block holding cell, a few feet from central control in plain view, and booking where Officer's are there 24 hr per day.

Officer Ron, a Jailer was charged and later convicted of promoting prison contraband and sentenced to 6 to 12 months in the chambers County Jail, he was also accused of bringing cell phones and tobacco products into the Jail.

Officer's Fuller, Willie Burton, Jailers arrested and charged for knowledge and supervision along with several Inmates, Greg Bonner, Benjamine Strickland, Rodregous Huguley, Kennedy Shelly and Duncan Cochran.
The Inmates with tools entered H-Block (the female block) by taking the cell door from G-Block (Male Block). The Officers along with the Inmates had sex with the Female Inmates.

2

Incidents that accrued in I-Block, this is protective custody under 24-hr servalence, monitored hourly, hourly walk threw documented. Officer Terry, a jailer charged and convicted served 9 days in the Chambers County Jail, for promoting prison contraband Cell I-1 Adam Davis convicted of Capital Murder sentenced to life.

Denise Bonner, a female incarcerated in the Chambers County jail in I Block during this time the officers of the Chambers County Jail placed George Day, convicted for manslaughter, robbery 1st, sentenced to 25 yr. In the same cell in I Block for an unknown amount of hours, and the female became pregnant.

## I BLOCK

On May 1, 2007 an Inmate was found hanged in I-6, the Plaintiff was in I-3 and witnessed the incident, and had personal knowledge of, due to fear of the Plaintiff's life, stress, mental anguish that had been brought upon the Plaintiff by the defendant's since April 16, 2007 and several request and verbally to LT. Lisa Davidson to be moved from the Facility. From April 16, 2007 until the Plaintiff was moved, on May 1, 2007, these are facts that occurred and documented at the Chambers County Jail, convictions and Deaths.

Officers take an Oath to serve and protect the, the public trust with there families and love ones, inmates with there lives.

Defendant's violated the Chambers County Facility handbook rules and regulations effective April 2003, and Plaintiff's Rights.

## OCTOBER 5, 2007
## LT. KEISHA McCoy SWORN STATEMENT

Chambers County Inmate Handbook rules and regulation, effective April 2003 Hand Book states;

> If you need protective custody, tell a staff member, we will do what is necessary to protect you"
>
> Chambers County Inmate Handbook rule and regulation (1.7), while here, you will meet much different kind of people. If you are threatened, assaulted, or feel intimidated, or unsafe, tell the staff, we will do what is necessary to Protect You. For your own protection, do not discuss your charges with Inmates.
> Chambers County Inmate Handbook rule and regulation (13.1) therefore, according to Chambers County Detention center policy. In who claim to have an enemy in the detention center are to be protected, The policy is, not to put Inmates who are enemies in the same block. In fact one of the regular questions we always ask inmates when in booking into the facility is, whether they have enemies in the Jail and they sign that booking document"

April 16, 2007, at that time, Plaintiff clearly stated that he had an enemy the need for protective custody while being moved to C-Block. Hand Book states, Rule 1.7, Rule 13.1, Exhibit A.

Inmate Handbook states Rule 13.1 the policy is not to put Inmates who are enemies in the same cell.

It is not policy nor is it feasible for administration to check each and every page of an Inmate Chambers County Inmate Hand Book, policy: If you think you need protective custody, tell a staff member we will do what is necessary to protect you Rule 1.7, Rule 13.1.

**SGT. FELTON SPRADLIN SWORN STATEMENT**: 7. When Plaintiff was incarcerated in April of this year, I remember moving Plaintiff into C-Block Chambers County Inmate handbook Rules and regulations effective April 2003.

4

April 16, 2007 9:00 AM, the Plaintiff gave knowledge of which Cell Block that he was to be moved to, going by the Inmate Hand Book rule, and stating, that it was in his file: Violation of Rule 1.7, rule 13.1.

I remember moving Plaintiff into C-Block and Lieutenant McCoy going with us, we moved Plaintiff from A-Block.

In a **Grievance form:** LT. Kaisha McCoy stated, "I was under the impression that SGT Spradlin placed Inmate Griggs in another cellblock". The Sworn Affidavit by SGT Spradlin stated that, " I remember moving Plaintiff into C-Block and LT> McCoy going with us, and we moved Plaintiff from A-Block"

In SGT Spratlin Sworn Statement, he also stated that;

> "Plaintiff though been incarcerated in the Chambers County Facility Several times never said anything to me about having an enemy in the jail, I was unaware that the plaintiff ever had an enemy in the detention facility, until I read the Plaintiff's law suit claims "
> **(SEE ENEMY SHEET NOTED AND SIGNED BY SGT FELTON SPRADLIN)**

### SEPTEMBER 5, 2007
### LT. LISA DAVIDSON SWORN STATEMENT

On April16, 2007, I was working the evening shift. I was not at the Detention Facility when the Plaintiff was moved.

FACT: the Chambers County Detention Facility is a Maximum Security Facility, under 24-hour security monitoring (central control).

April 16, 2007 9:00AM, LT. Lisa Davidson was at work documented on video, work log, assigned to central control. Video documented on date and time.

### SWORN AFFIDAVIT OF SGT TEDDY HANCOCK

In the Sworn Affidavit presented by SGT. Teddy Hancock he stated in part as follows:

> From November 25, 2006, April 16, 2007 Plaintiff told me that Anthony Brisket had accused Plaintiff of being involved

in some criminal activity, and that the Plaintiff feared for his life around Anthony Briskey

During my shift sometime between 6:00 PM and 6:00 AM on April 16, 2007, I took Plaintiff out of a Cell in C-Block for this reason and moved him to D-Block

### LACONYA FERRELL SWORN STATEMENT

In her Affidavit she stated:
> I never witnessed or heard the Plaintiff say that he had any problems with any other Inmates, or he had a problem with any other Inmate in the Chambers County Jail, and that Anthony Briskey wanted to harm him.

**Fact**: On April 16, 2007 at 9:00AM, Officer Ferrell was in booking and witnessed everything that happened (booking video on date and time).

### SGT MILDRED KIRK SWORN STATEMENT

> SGT. Kirk stated in her affidavit that, while Mr. Griggs was incarcerated form November 2006 until May 2007 I advised the Officers working my shift that Griggs and Briskey were to be kept separate due to the incident that occurred several years earlier.

**FACT**: Several Officers had knowledge of this during the Plaintiff's incarceration from November 2006 until May 2007.

### CAPTAIN TOMMY SIMMS SWORN STATEMENT

In Captain Tommy Simms Sworn Affidavit he stated that:
No record at the Chambers County Jail shows that a lock down occurred on April 16, 2007

**FACT:** The Chambers County Jail is a Maximum Security Facility 24 hour security monitor, the Inmates are locked down together in an open Bay area within 24 hours cell block from 5:00AM until 10:00 PM in cells 10:00 PM until 5:00AM Week Days.

In the Defendant's Special **Report DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS, located at Page 3,** The Attorney's for the Defendant's alleges that the Plaintiff has already filed a State Court Action on the exact same claim, and the case is still pending before that Court;
The Plaintiff did-in-fact erroneously filed a claim in the Circuit Court of Chambers County, under the Alabama rule tort Law, Notary 6-28-07 expired 7-12-2007 The Defendant's did not respond until September 19, 2007 However, on a motion of the Defendant, that claim was dismissed, and he never appeal, or attempted to appeal the denial, therefore, the only action that this Plaintiff have regarding this incident, is in the United States District Court for the Middle District of Alabama. Order on Motion GRANTED 7-31-2007 A42 USC 1983 ordered 8-16-2007.
In his response, the Attorney's also asserted that the Plaintiff falsely asserted that he has not filed another claim in any other court on the facts alleged in the complaint before this Court.
This Pro-Se Plaintiff believes that the Attorney's are trying to deceive this court, where in reality they knew, or reasonably should have known that Plaintiff filed what he called a **SUMMON**, not a complaint.

In the Defendant's Defense to the allegations by the Plaintiff, they Deny the allegations made against them as being untrue and completely without basis in law or facts.

This Plaintiff is presenting specific dates and time of certain incidents, to prove a pattern or practice of neglect, not only that placed the Plaintiff in danger, but has caused Death(s) as a result of this negligent acts, and as pointed out earlier, A female was housed in the cell with a Male inmate, and the two now have a child as a result of their actions:
The Plaintiff has also pointed out specific dates and times of Death's that had occurred in the Chambers County Jail, as a result of the Defendant's negligent acts, and if this Honorable Court would issue an Order for the Defendant's to produce records of these incident's, it will also prove the Plaintiff's claim.

RESPECTFULLY SUBMITTED

*[signature]*

**DERWIN GRIGGS # 198159**

## CONCLUSION

For the reasons stated herein, this Pro-se Plaintiff respectfully request that this Honorable Court will Deny the Defendant's Motion for Summary Judgement, and Order that this Case proceed to a Trial by Jury on the Disputed issues of Material facts, or in the alternative, Order the Defendants to produce the Material requested in the Discovery Motion,

*[signature]*

**DERWIN GRIGGS # 198159**

## CERTIFICATE OF SERVICE

I hereby certify that I have serv3ed a copy of the foregoing on the parties listed below by placing a copy of same in the United States Mail properly addressed and postage pre-paid this _____ day of November, 2007

WEBB & ELEY, P.C
POST OFFICE BOX 240909
Montgomery, Alabama 36124

*[signature]*

DERWIN GRIGGS # 198159
ELMORE CORRECTIONAL FACILITY
P.O. BOX 8
ELMORE, AL. 36025

## NOTARY SERVICE

SWORN TO AND SUBSCRIBED BEFORE ME THIS  11-8th  DAY OF November, 2007;

*[signature]*
NOTARY SERVICE
MY COMMISSION EXPIRES  2/12/2011

9

**DERWIN GRIGGS**
**AIS# 198159 B1-73B**
**P.O. Box 8**
**Elmore, Alabama 36025**



**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**P.O. BOX 711**
**MONTGOMERY, ALABAMA 36101**

